R-565



# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

June 28, 1947

Honorable V. H. Sagebiel
County Attorney
Gillespie County
Fredericksburg, Texas

Opinion No. V-275

Re: Authority of County
Clerk to correct the
record of an instru-
ment improperly re-
corded in the records
of his office.

Dear Sir:

We refer to your letter of June 11, 1947, in which you submit the following:

"The county clerk of this county has requested informa-
tion regarding his authority, if any, to make corrections in
the county records of deeds, deeds of trust, etc., where it
appears that at the time an instrument was recorded an omis-
sion of words, names or signatures was made, presumably
through clerical error, and the error is discovered some
years later."

We believe the correct rule is stated in 45 American Ju-
risprudence, page 459, section 71, where it is said:

"No custodian of records is authorized to tamper with
them. Even where a record is defectively made, the record-
er cannot correct the mistake on his own motion, especially
where he acts at the suggestion of one not a party to the in-
strument; the alteration is to be disregarded, and the record
is to be regarded as it stood before it was tampered with..."

The rule as stated in 53 Corpus Juris, page 618, Section
29, is:

"Although there is authority that the correction or al-
teration of a public record by the recording officer is with-
out authority of law, it is generally held that a recording
officer while in office may alter or amend his record by
correcting mistakes or supplying omissions so as to make
it conform to the facts; in fact, it has been held that it is
the duty of the recording officer to correct mistakes and to

supply omissions in records whenever he discovers them from data in his office. Changes in a public record may be made only by or under official authority. It has been stated that the correction must be made by the officer who committed the error. One who is no longer in office cannot, without statutory authority, amend a record made by him while in office, or complete a record which he had begun but which was incomplete at the time he ceased to hold office; but an officer who is re-elected to the same office may amend a record made by himself in a former year while in office under a different election." (Emphasis added)

There is no Texas statute authorizing such corrections.

We note your reference to Article 6595, R.C.S., which requires recorders to "record every instrument of writing authorized to be recorded by him, which is deposited with him for record, with the acknowledgement, proofs, affidavits and certificates thereto attached, in the order deposited for record by entering them word for word and letter for letter. . . ."

Article 6596, R.C.S., reads:

"Every such instrument shall be considered as recorded from the time it was deposited for record; and the clerk shall certify under his hand and seal of office to every such instrument of writing so recorded, the hour, day, month and year when he recorded it, and the book and page or pages in which it is recorded; and when recorded deliver the same to the party entitled thereto."

Articles 6595 and 6596, when read together, mean that the instrument which bears the certificate required by Article 6596 is the instrument as recorded.

We are of the opinion that a county clerk is not authorized to make any change or correct any error in any deed or deed of trust record of his office which was made by any officer other than himself or his deputies. We do not mean to hold that any party may not have an improperly recorded instrument re-recorded omitting the former clerk's certificate. Possibly that procedure would serve the desired purpose in this case.

## SUMMARY

A county clerk is not authorized to correct errors in the record of a deed or deed of trust which has been improperly recorded by a predecessor in office, but may

correctly re-record such instrument in the proper records of his office.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By                               W. T. Williams
                                    Assistant

WTW:sl

APPROVED

ATTORNEY GENERAL